# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

MARVON L. FORD, )
)
                Petitioner, )
)      1:10-cv-1203-SEB-TAB
      vs. )
)
D.L. STINE, )
)
               Respondent. )

## Entry Discussing Habeas Claim Challenging
## Sufficiency of the Evidence as to No. NCF 10-05-0123

### I.

This is an action in which Marvon Ford, an Indiana prisoner, seeks a writ of habeas corpus challenging the validity of a prison disciplinary proceeding. The claim which is fully briefed is Ford's challenge to the sufficiency of the evidence.[1] That is the claim resolved in this Entry and, for the reasons explained here, Ford cannot prevail as to this claim.

### Discussion

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). As noted, it is only the last of these recognized rights which is placed at issue at this point.

The pleadings and the expanded record show the following: Ford was charged in No. NCF 10-05-0123 with violating prison rules at the New Castle Correctional Facility by committing assault/battery inflicting serious bodily injury. The conduct report issued on May 17, 2010, recited that on May 12, 2010, Ford assaulted inmate Jody Olmstead by striking

---

[1]Other claims were dismissed at the outset pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Still other proposed claims are presented in Ford's motion to amend, which remains pending.

Olmstead mutiple times with a closed fist. At the hearing conducted on June 3, 2010, the hearing officer considered the conduct report, staff reports, Ford's statement, photographs, a medical report, and the report of investigation. The hearing officer found Ford guilty of the charged offense. In Ford's administrative appeal, the finding was modified to assault/battery without inflicting serious bodily injury.

Ford's challenge to the sufficiency of the evidence is unavailing. Even if there was conflicting evidence concerning Ford's culpability for the assault, the resolution of that conflict was a matter for the hearing officer, not for a reviewing habeas court. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis. . . .).

The conduct report in No. NCF 10-05-0123 set forth a specific and first-hand account of the assault on inmate Jody Olmstead on May 12, 2010, and what Ford did to commit that assault. This account, which the hearing officer found credible and which the reviewing authority did likewise as to a lesser included infraction, was ample to support a reasonable adjudicator's finding that he was guilty of the infraction. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). It is of no consequence, for due process purposes, that Ford disputes that evidence. *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)).

Accordingly, Ford's due process challenge to the sufficiency of the evidence fails and his petition for writ of habeas corpus is denied insofar as it asserts such a claim.

## II.

The resolution of Ford's challenge to the sufficiency of the evidence in this Entry does not necessarily resolve all the claims he has presented or seeks to present. Accordingly, no final judgment shall issue until the court rules on the pending motion to amend and on any further claims which emerge as the result of such ruling.

**IT IS SO ORDERED.**

Date: 03/18/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Linda Sue Leonard
INDIANA OFFICE OF THE ATTORNEY GENERAL
Linda.Leonard@atg.in.gov

MARVON L. FORD
DOC #973406
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064